Argued and submitted March 11, reversed and remanded June 19, 1991

## PEERLESS WASTE EQUIPMENT SALES CO.,
### *Appellant,*

*v.*

## PEERLESS CORPORATION,
### *Respondent.*

### (C89-0873CV; CA A64826)

813 P2d 1067

Thomas K. Wolf, Tualatin, argued the cause for appellant. With him on the briefs was Erickson & Wolf, Tualatin.

S. Ward Greene, Portland, argued the cause for respondent. With him on the brief was Greene & Markley, P.C., Portland.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff, an Oregon corporation that is wholly owned by Mabon N. Cornwell, appeals from the summary judgment for defendant. The trial court granted the motion on the ground that the action was barred, because Cornwell had brought two earlier actions against defendant. The trial court's reasoning and the parties' arguments entail an amalgam of *res judicata* and release concepts, the latter based on the written settlements of the earlier actions. We are unable to agree that summary judgment was allowable on either basis, and we reverse.

In the first action, Cornwell, as an individual, sued defendant. That action was settled by defendant's payment of $12,500 to Cornwell and the execution of a "mutual release" in which Cornwell agreed:

> "Mabon Cornwell hereby releases, acquits and forever discharges Peerless Corporation, its predecessors, employees, agents, affiliates, successors and assigns, from any and all liability, claims, damages, or causes of action which he has or may have, whether known or unknown, in connection with his employment with Peerless Corporation, including without limitation, all the events referred to in the Action."

However, the release contained the reservation:

> "It is agreed that this release in no way affects the obligations of the parties, if any, arising in connection with Peerless Waste Equipment Sales Co. of New Jersey, or Peerless Waste Equipment Sales Co. of Oregon."

Cornwell next brought what he styled a derivative action against defendant on behalf of Peerless Waste Equipment Sales Co. of New Jersey, of which he was a 50 percent owner. That action, too, was settled, and Cornwell agreed in a written "stipulation":

> "Plaintiff and co-defendants do hereby release and discharge Peerless, its predecessors, successors, affiliates and assigns, as well as their respective directors, officers, agents and employees, past and present, from all claims, demands, causes of action of whatever nature or kind arising out of or in any way connected with any transaction, act or omission described in any of the pleadings on file in this matter."

■ Defendant argues that Cornwell had control of those two actions, that he is in privity with plaintiff and that the claims that plaintiff now asserts arise from the same operative facts as those in either or both of the earlier cases. Independently, and as an underlying premise of its other arguments, defendant also contends that plaintiff is simply Cornwell's *alter ego*. It suffices to say that all of those arguments entail questions of fact and that the evidence concerning them in the summary judgment proceeding was not conclusive. Summary judgment was not allowable on defendant's *res judicata* theory.

■ The closer question is whether this action is barred by the release in the settlement of the second action. We are constrained to conclude, however, that it is ambiguous in that respect. This plaintiff did not execute it and is not expressly noted in it. The applicability of the release to plaintiff may turn on *alter ego* and other factual questions that we have discussed in connection with the *res judicata* issue. Unlike the release in the earlier action, the second does not contain a reservation of plaintiff's rights. However, because it does not expressly extinguish those rights, that fact does no more than add to the ambiguity that a fact finder must resolve.

Reversed and remanded.